UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | : |
| | : |
| MATTHEW T. MULLETT, | : Case No: 24-33848-KRH |
| | : Chapter 13 |
| Debtor. | : |
| | : |
| JANE DOE 1, JANE DOE 2, and | : |
| CAMELLIA BELLIS, | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| MATTHEW T. MULLETT, | : |
| SUZANNE WADE, TRUSTEE, | : |
| Defendants. | : |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND MEMORANDUM IN SUPPORT THEREOF**

The Plaintiffs Jane Doe 1, Jane Doe 2, and Camellia Bellis, by counsel, hereby move this court for an order granting relief from the automatic stay to permit them to liquidate their claims against the Debtor Matthew T. Mullett in state court. In support of this motion, the Plaintiffs state as follows:

1. Jurisdiction is based on 11 U.S.C. §362 (d)-(f) and 28 U.S.C. §§157 and 1334.

2. Debtor Matthew T. Mullett filed a petition under chapter 13 on October 14, 2024.

3. Defendant Suzanne Wade has been appointed as the chapter 13 trustee in this case.

James H. Wilson, Jr., VSB No: 27878
Counsel for Plaintiffs
4860 Cox Road, Suite 200
Glen Allen, VA  23060
(804) 740-6464

1

4. Plaintiffs Jane Doe 1, Jane Doe 2, and Camellia Bellis have non-priority, unsecured claims against the Debtor and have filed Proofs of Claims numbered 2, 3, and 4-2, each for $100,000,000.

5. On September 10, 2020, Plaintiffs filed case Index No: E173039/2020 against the Debtor and Onstage Dance, Inc., in the Supreme Court of New York, Niagara County, seeking money damages based on Debtor's sexual assault and battery of, and intentional infliction of emotional distress to, the Plaintiffs ("the Lawsuit"). The Lawsuit was subsequently amended to include additional defendants. A true copy of the Second Amended Verified Complaint evidencing the Lawsuit is attached hereto as Exhibit 2.

6. On September 20, 2024, the Plaintiff were awarded a summary judgment in the Lawsuit against the Debtor. A true copy of the Order for summary judgment is attached hereto as Exhibit 5. The case was continued to October 8, 2024, for jury selection for the hearing on damages.

7. Debtor filed this chapter 13 case on October 14, 2024.

8. The Lawsuit involves New York law, the interpretation of New York statutes, New York jury instructions, and witnesses and evidence located in New York. The Plaintiffs are entitled to a hearing with a jury for a decision on damages.

9. The Plaintiffs hold the single largest claims of all Debtor's creditors and the liquidation of Plaintiff's claims would be a necessary prerequisite to the feasibility of a chapter 13 bankruptcy.

10. Cause exists for modifying the automatic stay to allow the Plaintiffs to liquidate in state court and prosecute to its conclusion, the Lawsuit against the Debtor. 11 U.S.C. §362(d)(1). The decision whether to lift the stay is within the discretion of the bankruptcy

court.  In re: Robbins, 964 F.2d 342, 345 (4th Cir. 1992).  The court must balance the potential prejudice to the bankruptcy debtor's estate against the hardships to the creditor if relief is denied. and In re Xinergy, Ltd. Case No: 15-70444 (Bkr. WDVA 2015) (citing In re: Robbins, 964 F.2d 342, 345 (4th Cir. 1992)).  In the Fourth Circuit, three principal factors are considered in deciding whether to lift stay to allow state court litigation to continue: (1) the extent to which state law is applicable; (2) judicial economy and the efficient administration of the bankruptcy courts; and (3) the protection of the bankruptcy estate.  In re Secrest, 453 BR 623 (Bkr. EDVA, 2011) and In re Xinergy, Ltd. Case No: 15-70444 (Bkr. WDVA 2015), (both citing In re: Robbins, 964 F.2d 342, 345 (4th Cir. 1992)).  Further, this court has recognized that liquidation of a claim in state court may be a "necessary prerequisite to an attempt at rehabilitation under Chapter 13", particularly where the claim is the largest single debt.  In re Hudgins, 102 BR 495 (Bkr. EDVa, 1989).

    11. Applying the law to the facts of this case, there would appear to be little prejudice to the debtor's estate, other than delay, as the Plaintiff's are not seeking relief with respect to the Defendant's interest in property, only the liquidation of claims against him. The Plaintiffs, on the other hand, would suffer significant hardship in attempting to litigate their damages here in Richmond, as all the witnesses, other than the Defendant, and all or most of the evidence are in New York.  Judicial economy would be served by allowing the Lawsuit, which has been pending for more than four years, to proceed to its conclusion by a trial on damages in New York.  The litigants have expended significant resources on the litigation in New York, some of which might have to be duplicated in the bankruptcy court if relief from stay is not granted.  The resolution of the Lawsuit in New York would likely occur sooner there than here in Richmond, thus leading to a more efficient administration of this bankruptcy case.  This court can protect the bankruptcy estate by limiting relief to the

James H. Wilson, Jr., VSB No: 27878
Counsel for Plaintiffs
4860 Cox Road, Suite 200
Glen Allen, VA  23060
(804) 740-6464

3

liquidation of the Plaintiff's claim in New York. Although the Defendant may be forced to incur additional expenses to defend against damages, he voluntarily chose to leave that jurisdiction, where the victims live, and has filed this case in bad faith, as more fully described in Plaintiff's Objection to Confirmation (Docket #30). Finally, a liquidation of Plaintiff's claim is a prerequisite to evaluating Defendant's prospects for rehabilitation under chapter 13, as it bears directly on feasibility, bad faith, and the percentage payments to unsecured creditors.

WHEREFORE, the Plaintiff prays of the Court to enter an order modifying the automatic stay to enable the Plaintiffs to liquidate damages before a jury in New York state court and prosecute to its conclusion the Lawsuit against the Debtor Matthew Mullett, and to issue such other orders, processes, or judgments that are necessary or appropriate to carry out the provisions of Title 11.

                                        JANE DOE 1, JANE DOE 2, and
                                        CAMELLIA BELLIS
                                        By Counsel

Date: December 9, 2024

/s/James H. Wilson, Jr.
James H. Wilson, Jr.
Counsel for Jane Doe 1, Jane Doe 2, and Camellia Bellis
VSB No: 27878
4860 Cox Road, Suite 200
Glen Allen, VA  23060
(804) 740-6464

<u>PROOF OF SERVICE</u>

      I certify that I have this 9th day of December, 2024, served a true copy of the foregoing Motion on the following parties by first-class mail, postage prepaid, and/or ECF:

Suzanne E. Wade, Chapter 13 Trustee
7202 Glen Forest Dr., Ste. 202
Richmond, VA 23226

David Spiro, Esq.
Spiro & Browne, PLC
2400 Old Brick Rd.
Glen Allen, VA 23060

                                  <u>/s/ James H. Wilson, Jr.</u>
                                  James H. Wilson, Jr., VSB No: 27878
                                  Counsel for Jane Doe 1 and Jane Doe 2