# EXHIBIT 2

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM

NYSCEF DOC. NO. 67

INDEX NO. E173039/2020

RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH   Doc 34-1   Filed 12/09/24   Entered 12/09/24 12:44:35   Desc
Exhibit(s) Second Verified Amended Complaint   Page 2 of 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA

-------------------------------------------------------------------X

JANE DOE 1, JANE DOE 2, and CAMELLIA
BELLIS,

                                         ***Plaintiffs,***

                  **-against -**

ONSTAGE   DANCE,   INC.,   ONSTAGE,   LLC,
DEANA CHIAPPONE d/b/a ONSTAGE, DEANA
CHIAPPONE KAHLE and MATTHEW MULLETT,

                                       ***Defendants.***

-------------------------------------------------------------------X

**Index No.: E173039/2020**

**SECOND
AMENDED
VERIFIED
<u>COMPLAINT</u>**

     Plaintiffs[1]  above named, complaining of the defendants, by **MERSON LAW**, **PLLC**,

respectfully allege(s):

<u>**RELEVANT FACTS**</u>

     1.     This is a case of a sexual predator, MATTHEW MULLETT, using his position as

a disc jockey for a dancing school, to manipulate, groom, and sexually abuse three young minor

children, JANE DOE 1, JANE DOE 2 and CAMELLIA BELLIS.

     2.     In approximately 1998, MATTHEW MULLETT was employed by defendant

ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE and/or

DEANA CHIAPPONE KAHLE as a disc jockey for dance rehearsals and dance recitals.

     3.     In approximately 1998, as a part of MATTHEW MULLETT's employment by

defendants ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a

ONSTAGE and/or DEANA CHIAPPONE KAHLE, MATTHEW MULLETT was providing

services at dance rehearsals or dance recitals.

---

[1] Plaintiffs use a pseudonym because they are victims of a sex crime pursuant to N.Y. Civ. Rights § 50-b and other
statutory and common law principles.

1

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM          INDEX NO. E173039/2020
NYSCEF DOC. NO. 67                                          RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc
Exhibit(s) Second Verified Amended Complaint    Page 3 of 25

4.      In approximately 1998, when JANE DOE 1 was a minor child of 15 years old, MATTHEW MULLETT targeted JANE DOE 1 for his predatory behavior, groomed her and engaged in sex with her at an entertainment venue managed, operated and controlled by ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE and/or DEANA CHIAPPONE KAHLE (hereinafter "the Venue").

5.      JANE DOE 1 was at the Venue at the behest, request and/or express direction of defendants ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE and/or DEANA CHIAPPONE KAHLE for the purpose of participating in either a dance rehearsal or dance recital.

6.      Thereafter, MATTHEW MULLETT repeatedly communicated with JANE DOE 1 via text message to arrange meetings with her for the purpose of engaging in sex with her and used his position with the co-defendants and his relationship with JANE DOE 1 to target JANE DOE 2 for his predatory behavior.

7.      In approximately 1998, when JANE DOE 2 was minor child of 16 years old, MATTHEW MULLETT targeted JANE DOE 2 and groomed her while she was at or on the co-defendants' premises and/or at the Venue at the behest, request and/or express direction of defendants ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE and/or DEANA CHIAPPONE KAHLE for the purpose of participating in either a dance rehearsal or dance recital.

8.      In approximately 1998, MATTHEW MULLET had sex with both JANE DOE 1 and JANE DOE 2 on multiple occasions.

9.      In approximately 1998, when CAMELLIA BELLIS was a minor child of 14 years old, MATTHEW MULLETT targeted CAMELLIA BELLIS and groomed her while she was at

2

the Venue at the behest, request and/or express direction of defendants ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE and/or DEANA CHIAPPONE KAHLE for the purpose of participating in either a dance rehearsal or dance recital.

10.     Sometime in 1998, MATTHEW MULLETT invited CAMELLIA BELLIS to dinner and a movie and brought her to "Motel 6," where he proceeded to give her beer to drink and raped her thereafter.

11.     MATTHEW MULLETT used his position as disc jockey employed by ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE and/or DEANA CHIAPPONE KAHLE to befriend, manipulate, groom and sexually abuse other dance students similarly situated to JANE DOE 1, JANE DOE 2 and CAMELLIA BELLIS.

12.     Defendants ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE and/or DEANA CHIAPPONE KAHLE knew or should have known of MATTHEW MULLETT's tendencies and propensities to target, befriend, manipulate, groom and sexually abuse the minor students attending the school and who were participating in dance rehearsals and dance recitals at entertainment venues they managed, operated at their behest, request and express direction.

13.     ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE and/or DEANA CHIAPPONE KAHLE knew or should have known of the long-term abuse that JANE DOE 1, JANE DOE 2 and CAMELLIA BELLIS and other teenage girls were suffering at the hands of one their agents, servants or agents, servants and employees MATTHEW MULLETT.

14.     As such, Plaintiffs suffered catastrophic and lifelong injuries as a result of defendant's negligence in undertaking a duty to keep its dancers safe from predators and failing

3

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM INDEX NO. E173039/2020

NYSCEF DOC. NO. 67                                                      RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc
Exhibit(s) Second Verified Amended Complaint    Page 5 of 25

to act in accord with that duty by allowing **MATTHEW MULLETT**, to continue his role where he had the access and the means to prey on young girls like JANE DOE 1, JANE DOE 2 and CAMELLIA BELLIS. Defendants **ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE, DEANA CHIAPPONE KAHLE** and **MATTHEW MULLETT**'s gross negligence, reckless, willful, and/or wanton conduct supports punitive liability.

15.     Plaintiffs bring this lawsuit to recover for the emotional and physical suffering they incurred because of the negligence of ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE D/B/A ONSTAGE and DEANA CHIAPPONE KAHLE and to make sure no other child is forced to suffer the abuse and physical and mental trauma they felt and continue to feel.

## **PARTIES**

16.     At all times herein mentioned defendant **ONSTAGE DANCE, INC.** was a domestic corporation incorporated in the State of New York and by virtue of the laws of the State of New York.

17.     At all times herein mentioned, defendant **ONSTAGE DANCE, INC.** was located at 20 Bonner Drive, Lockport, New York 14094.

18.     At all times herein mentioned defendant **ONSTAGE DANCE, LLC** was a domestic limited liability corporation incorporated in the State of New York and by virtue of the laws of the State of New York.

19.     At all times herein mentioned, defendant **ONSTAGE DANCE, LLC** was located at 20 Bonner Drive, Lockport, New York 14094.

4

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM
INDEX NO. E173039/2020
NYSCEF DOC. NO. 67
RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH   Doc 34-1   Filed 12/09/24   Entered 12/09/24 12:44:35   Desc
Exhibit(s) Second Verified Amended Complaint   Page 6 of 25

20.     At all times herein mentioned, defendant **DEANA CHIAPPONE d/b/a ONSTAGE** was located at 4521 Candlewood Dr. Lockport, NY 14094-1250.

21.     At all times herein mentioned, defendant **DEANA CHIAPPONE KAHLE** was an agent, servant and/or employee of defendants **ONSTAGE DANCE, INC, ONSTAGE, LLC,** and **DEANA CHIAPPONE d/b/a ONSTAGE.**

22.     At all times herein mentioned, defendants **DEANA CHIAPPONE KAHLE** was owner and operator, as well as an agent, servant and/or employee of at **ONSTAGE DANCE, INC., ONSTAGE, LLC** and **DEANA CHIAPPONE d/b/a ONSTAGE** operating under the direction and control of defendants **ONSTAGE DANCE, INC., ONSTAGE, LLC** and **DEANA CHIAPPONE d/b/a ONSTAGE** and its agents, servants and/or agents, servants and employees.

23.     At all times herein mentioned, defendant **MATTHEW MULLETT** was an agent, servant and/or employee of defendants **ONSTAGE DANCE, INC, ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE** and **DEANA CHIAPPONE KAHLE.**

24.     At all times herein mentioned, defendants **MATTHEW MULLETT** was an agent, servant and/or employee of at **ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE** and **DEANA CHIAPPONE KAHLE** operating under the direction and control of defendants **ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE** and **DEANA CHIAPPONE KAHLE** and its agents, servants and/or agents, servants and employees.

25.     At all times herein mentioned, Defendants **ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA CHIAPPONE d/b/a ONSTAGE, DEANA CHIAPPONE**

5

Case 24-33848-KRH   Doc 34-1   Filed 12/09/24   Entered 12/09/24 12:44:35   Desc
Exhibit(s) Second Verified Amended Complaint   Page 7 of 25

**KAHLE** and **MATTHEW MULLETT** were agents, servants, agents, servants and employees and/or alter egos of each other.

## AS FOR A FIRST CAUSE OF ACTION FOR NEGLIGENCE AS TO DEFENDANT ONSTAGE DANCE, INC.

26.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 25. inclusive, with the same force and effect as if hereinafter set forth at length.

27.    At all times mentioned herein, defendant **ONSTAGE DANCE, INC.** owed a duty of care *in loco parentis* to keep the minor children who used their services, facilities and venues safe from sexual abuse by their agents, servants and employees including disc jockeys under its supervision and control.

28.    At all times herein mentioned, defendant **ONSTAGE DANCE, INC.** owed a duty of care to properly supervise its agents, servants and employees including disc jockeys to ensure that the minor children who used their services, facilities and venues were not being abused by their agents, servants and employees, including disc jockeys.

29.    At all times mentioned herein, defendant **ONSTAGE DANCE, INC.** and/or its agents, servants and/or employees breached the above-stated duty in a negligent, reckless, willful and wanton manner, and caused Plaintiffs to be sexually assaulted.

30.    As a result of the negligence of defendant **ONSTAGE DANCE, INC.** and/or its agents, servants and/or agents, servants and employees, plaintiffs were caused serious personal injuries, emotional distress, mental pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

6

Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc
Exhibit(s) Second Verified Amended Complaint    Page 8 of 25

31.    By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

32.    By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

33.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

34.    This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION AS TO DEFENDANT ONSTAGE DANCE, INC.

35.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 34. inclusive, with the same force and effect as if hereinafter set forth at length.

36.    Defendant **ONSTAGE DANCE, INC.** had a duty to supervise and prevent known risks of harm to its minor children dancers and students.

37.    Defendant **ONSTAGE DANCE, INC.** was negligent in hiring, retaining and supervising defendant **MATTHEW MULLETT** and other agents, servants and employees, who were careless, unskillful, negligent, reckless and acted in a willful and wanton manner in not possessing the requisite knowledge, skill and moral character of agents, servants and employees who should have properly been supervising the disc jockeys to ensure the safety of the dancers, students and minor children.

38.    Defendant **ONSTAGE DANCE, INC.** knew or should have known that defendant **MATTHEW MULLETT** sexually assaulted plaintiffs and/or had the capacity and/or propensity to do so.

7

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM
NYSCEF DOC. NO. 67

INDEX NO. E173039/2020
RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH   Doc 34-1   Filed 12/09/24   Entered 12/09/24 12:44:35   Desc
Exhibit(s) Second Verified Amended Complaint   Page 9 of 25

39.     As a result of such negligent hiring, supervising and retention, Plaintiffs were caused to suffer serious personal injuries, emotional distress, conscious pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

40.     By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

41.     By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendant in such sums as a jury would find fair, just and adequate.

42.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

43.     This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR THE THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT ONSTAGE DANCE, INC.

44.      Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 43., inclusive, with the same force and effect as if herein set forth at length.

45.     Defendant **ONSTAGE DANCE, INC.** and its agents, servants and/or agents, servants and employees, knew or reasonably should have known that the failure to properly advise, supervise and hire **MATTHEW MULLETT**, who sexually abused Plaintiffs, would and did proximately result in physical and emotional distress to Plaintiffs.

46.     Defendant **ONSTAGE DANCE, INC.** and its agents, servants and/or employees knew or reasonably should have known that the sexual abuse committed by MATTHEW MULLETT and other improper conduct would and did proximately result in physical and emotional distress to Plaintiffs.

8

47.     Defendant **ONSTAGE DANCE, INC.** had the power, ability, authority and duty to intervene with and/or stop the improper conduct that resulted in Plaintiffs being sexually abused by **MATTHEW MULLETT.**

48.     Despite said knowledge, power, ability, authority and duty, defendant **ONSTAGE DANCE, INC.** negligently failed to act so as to stop, prevent, and prohibit the improper conduct that resulted in **MATTHEW MULLETT** sexually abusing Plaintiffs.

49.     By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

50.     By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

51.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

52.     This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENCE
### AS TO DEFENDANT ONSTAGE DANCE, LLC.

53.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 52. inclusive, with the same force and effect as if hereinafter set forth at length.

54.     At all times mentioned herein, defendant **ONSTAGE DANCE, LLC.** owed a duty of care *in loco parentis* to keep the minor children who use their services, facilities and venues safe from sexual abuse by their agents, servants and employees, including disc jockeys under its supervision and control that ultimately befell the Plaintiffs.

55.     At all times herein mentioned, defendant **ONSTAGE DANCE, LLC.** owed a duty of care to properly supervise its agents, servants and employees and disc jockeys to ensure that

9

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM    INDEX NO. E173039/2020
NYSCEF DOC. NO. 67                                         RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc
Exhibit(s) Second Verified Amended Complaint    Page 11 of 25

the minor children who use their services were not being abused by their agents, servants and employees, including disc jockeys.

56.    At all times mentioned herein, defendant **ONSTAGE DANCE, LLC.** and/or its agents, servants and/or agents, servants and employees breached the above-stated duty in a negligent, reckless, willful and wanton manner, and caused Plaintiffs to be sexually assaulted.

57.    As a result of the negligence of defendant **ONSTAGE DANCE, LLC.** and/or its agents, servants and/or agents, servants and employees, plaintiffs were caused serious personal injuries, emotional distress, mental pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

58.    By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

59.    By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

60.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

61.    This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION AS TO DEFENDANT ONSTAGE DANCE, LLC.

62.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 61. inclusive, with the same force and effect as if hereinafter set forth at length.

63.    Defendant **ONSTAGE DANCE, LLC.** had a duty to supervise and prevent known risks of harm to its minor children dancers and students.

10

64.     Defendant was negligent in hiring, retaining and supervising defendant **MATTHEW MULLETT** and other agents, servants and employees, who were careless, unskillful, negligent, reckless and acted in a willful and wanton manner in not possessing the requisite knowledge, skill and moral character of agents, servants and employees who should have properly been supervising the disc jockeys to ensure the safety of the minor children dancers and students.

65.     Defendant **ONSTAGE DANCE, LLC.** knew or should have known that defendant **MATTHEW MULLETT** sexually assaulted plaintiffs and/or had the capacity and/or propensity to do so.

66.     As a result of such negligent hiring, supervising and retention, Plaintiffs were caused to suffer serious personal injuries, emotional distress, conscious pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

67.     By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

68.     By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendant in such sums as a jury would find fair, just and adequate.

69.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

70.     This action falls within exceptions to Article 16 of the C.P.L.R.

**<ins>AS AND FOR THE SIXTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS AS TO DEFENDANT ONSTAGE DANCE, LLC.</ins>**

11

71.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 70., inclusive, with the same force and effect as if herein set forth at length.

72.    Defendant **ONSTAGE DANCE, LLC.** and its agents, servants and/or employees, knew or reasonably should have known that the failure to properly advise, supervise and hire **MATTHEW MULLETT**, who sexually abused Plaintiffs, would and did proximately result in physical and emotional distress to Plaintiffs.

73.    Defendant **ONSTAGE DANCE, LLC.** and its agents, servants and/or agents, servants and employees knew or reasonably should have known that the sexual abuse and other improper conduct would and did proximately result in physical and emotional distress to Plaintiffs.

74.    Defendant **ONSTAGE DANCE, LLC.** had the power, ability, authority and duty to intervene with and/or stop the improper conduct that resulted in Plaintiffs being sexually abused by **MATTHEW MULLETT**.

75.    Despite said knowledge, power, ability, authority and duty, defendant **ONSTAGE DANCE, LLC.** negligently failed to act so as to stop, prevent, and prohibit the improper conduct that resulted in MATTHEW MULLETT sexually abusing Plaintiffs.

76.    By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

77.    By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

78.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

12

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM
NYSCEF DOC. NO. 67

INDEX NO. E173039/2020
RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc
Exhibit(s) Second Verified Amended Complaint    Page 14 of 25

79.    This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR NEGLIGENCE AS TO DEFENDANT DEANA CHIAPPONE d/b/a ONSTAGE

80.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 79. inclusive, with the same force and effect as if hereinafter set forth at length.

81.    At all times mentioned herein, defendant **DEANA CHIAPPONE d/b/a ONSTAGE** owed a duty of care *in loco parentis* to keep the minor children who use their services, facilities and venues safe from sexual abuse by their agents, servants and employees, including disc jockeys under its supervision and control that ultimately befell the Plaintiffs.

82.    At all times herein mentioned, defendant **DEANA CHIAPPONE d/b/a ONSTAGE** owed a duty of care to properly supervise its agents, servants and employees, including disc jockeys to ensure that the minor children who use their services, facilities and venues were not being abused by their agents, servants and employees, including disc jockeys.

83.    At all times mentioned herein, defendant **DEANA CHIAPPONE d/b/a ONSTAGE** and/or its agents, servants and/or agents, servants and employees breached the above-stated duty in a negligent, reckless, willful and wanton manner, and caused Plaintiffs to be sexually assaulted.

84.    As a result of the negligence of defendant **DEANA CHIAPPONE d/b/a ONSTAGE** and/or its agents, servants and/or agents, servants and employees, plaintiffs were caused serious personal injuries, emotional distress, mental pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

13

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM    INDEX NO. E173039/2020
NYSCEF DOC. NO. 67    RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc
Exhibit(s) Second Verified Amended Complaint    Page 15 of 25

85.     By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

86.     By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

87.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

88.     This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION AS TO DEFENDANT DEANA CHIAPPONE d/b/a ONSTAGE

89.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 88. inclusive, with the same force and effect as if hereinafter set forth at length.

90.     Defendant **DEANA CHIAPPONE d/b/a ONSTAGE** had a duty to supervise and prevent known risks of harm to its minor children dancers and students.

91.     Defendant was negligent in hiring, retaining and supervising defendant **MATTHEW MULLETT** and other agents, servants and employees, who were careless, unskillful, negligent, reckless and acted in a willful and wanton manner in not possessing the requisite knowledge, skill and moral character of agents, servants and employees who should have properly been supervising the disc jockeys to ensure the safety of the dancers and minor children.

92.     Defendant **DEANA CHIAPPONE d/b/a ONSTAGE** knew or should have known that defendant **MATTHEW MULLETT** sexually assaulted plaintiffs and/or had the capacity and/or propensity to do so.

14

93.     As a result of such negligent hiring, supervising and retention, Plaintiffs were caused to suffer serious personal injuries, emotional distress, conscious pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

94.     By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

95.     By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendant in such sums as a jury would find fair, just and adequate.

96.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

97.     This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR THE NINTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT DEANA CHIAPPONE d/b/a ONSTAGE

98.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 97., inclusive, with the same force and effect as if herein set forth at length.

99.     Defendant **DEANA CHIAPPONE d/b/a ONSTAGE.** and its agents, servants and/or agents, servants and employees, knew or reasonably should have known that the failure to properly advise, supervise and hire **MATTHEW MULLETT**, who sexually abused Plaintiffs, would and did proximately result in physical and emotional distress to Plaintiffs.

100.     Defendant **DEANA CHIAPPONE d/b/a ONSTAGE** and its agents, servants and/or agents, servants and employees knew or reasonably should have known that the sexual

15

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM INDEX NO. E173039/2020
NYSCEF DOC. NO. 67                                                    RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc
Exhibit(s) Second Verified Amended Complaint    Page 17 of 25

abuse and other improper conduct would and did proximately result in physical and emotional distress to Plaintiffs.

101.    Defendant **DEANA CHIAPPONE d/b/a ONSTAGE** had the power, ability, authority and duty to intervene with and/or stop the improper conduct that resulted in Plaintiffs being sexually abused by **MATTHEW MULLETT**.

102.    Despite said knowledge, power and duty, defendant **DEANA CHIAPPONE d/b/a ONSTAGE** negligently failed to act so as to stop, prevent, and prohibit the improper conduct that resulted in **MATTHEW MULLETT** sexually abusing Plaintiffs.

103.    By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

104.    By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

105.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

106.    This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A TENTH CAUSE OF ACTION FOR NEGLIGENCE AS TO DEFENDANT DEANA CHIAPPONE KAHLE

107.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 106. inclusive, with the same force and effect as if hereinafter set forth at length.

108.    At all times mentioned herein, defendant **DEANA CHIAPPONE KAHLE** owed a duty of care *in loco parentis* to keep the minor children who use her services, facilities and

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM        INDEX NO. E173039/2020

NYSCEF DOC. NO. 67    Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc        RECEIVED NYSCEF: 11/05/2021
Exhibit(s) Second Verified Amended Complaint    Page 18 of 25

venues safe from sexual abuse by her agents, servants and employees including disc jockeys under her supervision and control that ultimately befell the Plaintiffs.

109. At all times herein mentioned, defendant **DEANA CHIAPPONE KAHLE** owed a duty of care to properly supervise her agents, servants and employees, including disc jockeys to ensure that the minor children who used her services, facilities and venues were not being abused by her agents, servants and employees including disc jockeys.

110.    At all times mentioned herein, defendant **DEANA CHIAPPONE KAHLE** and/or her agents, servants and/or agents, servants and employees breached the above-stated duty in a negligent, reckless, willful and wanton manner, and caused Plaintiffs to be sexually assaulted.

111.    As a result of the negligence of defendant **DEANA CHIAPPONE KAHLE** and/or her agents, servants and/or agents, servants and employees, plaintiffs were caused serious personal injuries, emotional distress, mental pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

112.    By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

113.    By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

114.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

115.    This action falls within exceptions to Article 16 of the C.P.L.R.

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM          INDEX NO. E173039/2020
NYSCEF DOC. NO. 67                                                   RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc
Exhibit(s) Second Verified Amended Complaint    Page 19 of 25

## **AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION AS TO DEFENDANT DEANA CHIAPPONE KAHLE**

116.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 115. inclusive, with the same force and effect as if hereinafter set forth at length.

117.    Defendant **DEANA CHIAPPONE KAHLE** had a duty to supervise and prevent known risks of harm to minor children dancers and students.

118.    Defendant **DEANA CHIAPPONE KAHLE** was negligent in hiring, retaining and supervising defendant **MATTHEW MULLETT** and other agents, servants and employees, who were careless, unskillful, negligent, reckless and acted in a willful and wanton manner in not possessing the requisite knowledge, skill and moral character of agents, servants and employees who should have properly been supervising the disc jockeys to ensure the safety of the minor children dancers and students.

119.    Defendant **DEANA CHIAPPONE KAHLE** knew or should have known that defendant **MATTHEW MULLETT** sexually assaulted plaintiffs and/or had the capacity and/or propensity to do so.

120.    As a result of such negligent hiring, supervising and retention, Plaintiffs were caused to suffer serious personal injuries, emotional distress, conscious pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

121.    By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

122.    By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendant in such sums as a jury would find fair, just and adequate.

123.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

124.    This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR THE TWELFTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT DEANA CHIAPPONE KAHLE

125.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 124., inclusive, with the same force and effect as if herein set forth at length.

126.    Defendant **DEANA CHIAPPONE KAHLE** and her agents, servants and/or employees, knew or reasonably should have known that the failure to properly advise, supervise and hire **MATTHEW MULLETT**, who sexually abused Plaintiffs, would and did proximately result in physical and emotional distress to Plaintiffs.

127.    Defendant **DEANA CHIAPPONE KAHLE** and her agents, servants and/or employees knew or reasonably should have known that the sexual abuse and other improper conduct committed by **MATTHEW MULLETT** would and did proximately result in physical and emotional distress to Plaintiffs.

128.    Defendant **DEANA CHIAPPONE KAHLE** had the power, ability, authority and duty to intervene with and/or stop the improper conduct that resulted in Plaintiffs being sexually abused by **MATTHEW MULLETT.**

19

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM    INDEX NO. E173039/2020

NYSCEF DOC. NO. 67                                            RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc
Exhibit(s) Second Verified Amended Complaint    Page 21 of 25

129.    Despite said knowledge, power, ability, authority and duty, defendant **DEANA CHIAPPONE KAHLE** negligently failed to act so as to stop, prevent, and prohibit the improper conduct that resulted in **MATTHEW MULLETT** sexually abusing Plaintiffs.

130.    By reason of the foregoing, Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

131.    By reason of the foregoing, Plaintiffs are entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

132.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

133.    This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT MATTHEW MULLETT

134.    Plaintiffs repeat reiterate, and reallege each and every allegation contained in those paragraphs of the Complaint marked and designated 1. through 133., inclusive, with the same force and effect as if hereafter set forth at length.

135.    Defendant **MATTHEW MULLETT** engaged in outrageous conduct towards plaintiffs **JANE DOE 1, JANE DOE 2,** and **CAMELLIA BELLIS,** with the intention to cause, or with reckless disregard for the probability of causing, plaintiffs to suffer severe emotional distress by sexually assaulting them when they were minor children.

136.    As a proximate result of the aforementioned assaults, batteries, and other sexual violations committed against Plaintiffs **JANE DOE 1, JANE DOE 2,** and **CAMELLIA BELLIS**, they have suffered and continue to suffer extreme mental distress, humiliation, anguish,

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM
NYSCEF DOC. NO. 67

INDEX NO. E173039/2020

RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc
Exhibit(s) Second Verified Amended Complaint    Page 22 of 25

and emotional and physical injuries, as well as economic losses, all their damages in amounts to be proven at trial.

137. Defendant **MATTHEW MULLETT** committed the acts alleged herein maliciously, fraudulently, and oppressively with the wrongful intention of injuring plaintiffs **JANE DOE 1, JANE DOE 2,** and **CAMELLIA BELLIS,** from an improper and evil motive amounting to malice and in conscious disregard of plaintiffs' rights, entitling plaintiffs to recover punitive damages in amounts to be proven at trial.

138. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

139. This action falls within the exceptions to Article 16 of the C.P.L.R.

## AS AND FOR THE FOURTEENTH CAUSE OF ACTION FOR ASSAULT AS TO DEFENDANT MATTHEW MULLETT

140. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. Through 139., inclusive, with the same force and effect as if herein set forth at length.

141. Defendant **MATTHEW MULLETT's** predatory, abusive, manipulative and unlawful acts against plaintiffs **JANE DOE 1, JANE DOE 2,** and **CAMELLIA BELLIS**, created a reasonable apprehension in plaintiffs of immediate harmful or offensive contact to plaintiffs' persons, all of which were done intentionally by defendant **MATTHEW MULLETT** to plaintiffs without plaintiffs' consent.

142. As a direct and proximate result of the aforementioned assaults, Plaintiffs have sustained in the past, and will continue to sustain in the future, serious and severe psychological injuries and emotional distress, mental anguish, embarrassment and humiliation.

21

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM          INDEX NO. E173039/2020

NYSCEF DOC. NO. 67          Case 24-33848-KRH     Doc 34-1     Filed 12/09/24     Entered 12/09/24 12:44:35     Desc          RECEIVED NYSCEF: 11/05/2021
                    Exhibit(s) Second Verified Amended Complaint     Page 23 of 25

143.     As a direct and proximate result of the aforementioned assaults, plaintiffs have incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure themselves of their injuries and to alleviate their pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

144.     By reason of the foregoing, plaintiffs **JANE DOE 1, JANE DOE 2,** and **CAMELLIA BELLIS** are entitled to compensatory damages from defendant **MATTHEW MULLETT** in such sums a jury would find fair, just and adequate, and the plaintiffs are further entitled to punitive and exemplary damages from defendant **MATTHEW MULLETT** in such sums as a jury would find fair, just and appropriate to deter said defendant and others from future similar misconduct.

145.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

146.     This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR THE FIFTEENTH CAUSE OF ACTION FOR BATTERY AS TO MATTHEW MULLETT

147.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 146., inclusive, with the same force and effect as if herein set forth at length.

148.     Defendant **MATTHEW MULLETT's** aforementioned unlawful, abusive, manipulative, and predatory acts against plaintiffs **JANE DOE 1, JANE DOE 2** and **CAMELLIA BELLIS,** amounted to a series of harmful and offensive contacts to plaintiffs' persons all of which were done intentionally by defendant to plaintiffs without plaintiffs' consent.

22

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM    INDEX NO. E173039/2020
NYSCEF DOC. NO. 67                                            RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH    Doc 34-1    Filed 12/09/24    Entered 12/09/24 12:44:35    Desc
Exhibit(s) Second Verified Amended Complaint    Page 24 of 25

149.    As a direct and proximate result of the aforementioned batteries, Plaintiffs have sustained in the past, and will continue to sustain in the future, psychological injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

150.    By reason of the foregoing, plaintiffs **JANE DOE 1, JANE DOE 2** and **CAMELLIA BELLIS** are entitled to compensatory damages from defendant **MATTHEW MULLETT** in such sums a jury would find fair, just and adequate, and the plaintiffs are further entitled to punitive and exemplary damages from defendant **MATTHEW MULLETT** in in such sums as a jury would find fair, just and appropriate to deter said defendant and others from future similar misconduct.

151.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

152.    This action falls within exceptions to Article 16 of the C.P.L.R.

**WHEREFORE**, plaintiffs demand judgement against defendants in such sum as a jury would find fair, adequate and just, and other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
　　　　November 5, 2021

　　　　　　　　　　　　　　　　　　　　MERSON LAW, PLLC


By: _____
　　　　Jordan K. Merson
　　　　Attorney for Plaintiffs
　　　　950 Third Avenue, 18th Floor
　　　　New York, New York 10022
　　　　(212) 603-9100

23

FILED: NIAGARA COUNTY CLERK 11/05/2021 06:18 PM

NYSCEF DOC. NO. 67

INDEX NO. E173039/2020

RECEIVED NYSCEF: 11/05/2021

Case 24-33848-KRH   Doc 34-1   Filed 12/09/24   Entered 12/09/24 12:44:35   Desc
Exhibit(s) Second Verified Amended Complaint   Page 25 of 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA

-------------------------------------------------------------------X

JANE DOE 1, JANE DOE 2, and CAMELLIA BELLIS,

**Index No.: E173039/2020**

*Plaintiffs,*

-against -

**ATTORNEY
VERIFICATION**

ONSTAGE DANCE, INC., ONSTAGE, LLC, DEANA
CHIAPPONE d/b/a ONSTAGE, DEANA CHIAPPONE
KAHLE and MATTHEW MULLETT,

*Defendants.*

-------------------------------------------------------------------X

**JORDAN K. MERSON**, an attorney duly admitted to practice in the Courts of New York

State, and a member of the firm **MERSON LAW, PLLC**, attorneys for the plaintiffs in the within

action, hereby affirms under penalty of perjury:

That he has read the within complaint and knows the contents thereof, and that the same

is true to his own knowledge, except as to the matters therein stated to be alleged upon

information and belief, and that as to those matters he believes it to be true;

That the sources of his information and knowledge are investigations and records in the

file; and,

That the reason this verification is made by affirmant and not by the plaintiffs is that the

plaintiffs are not within the County where the attorney has his office.

Dated: New York, New York

November 5, 2021

_____

JORDAN K. MERSON

24