# EXHIBIT 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA

------------------------------------------------------------------x

JANE DOE 1, JANE DOE 2 and CAMELLIA BELLIS,     INDEX NO: E173039/2020

         Plaintiffs

   -against-              **ORDER**

ONSTAGE DANCE, INC., ONSTAGE, LLC,     MOTION SEQUENCE NOS.
DEANA CHIAPPONE d/b/a ONSTAGE, DEANA     008, 009, & 010
CHIAPPONE KAHLE and MATTHEW MULLETT,

         Defendants

------------------------------------------------------------------x

WHEREAS Defendant ONSTAGE DANCE, INC. moved this Court under Motion Sequence #008 for an order pursuant to CPLR 3212 for summary judgment in its favor against Plaintiffs JANE DOE 1, JANE DOE 2, and CAMELLIA BELLIS (hereafter, "Plaintiffs"); and

WHEREAS Plaintiffs moved this Court under Motion Sequence #009 for an order pursuant to CPLR 3215 for default judgment against Defendants DEANA CHIAPPONE d/b/a ONSTAGE and DEANA CHIAPPONE KAHLE; and

WHEREAS Plaintiffs moved this Court under Motion Sequence #010 for an order pursuant to CPLR 3212 for summary judgment in their favor against Defendant MATTHEW MULLET as to liability; and

UPON the papers fully submitted by the parties and the oral argument held on August 5, 2024, on the Motion Sequence #008, 009, and 010, a copy of the transcript of which is attached hereto and made a part hereof as Exhibit "1";

IT IS HEREBY:

ORDERED Plaintiffs' motion for a default judgment against Defendant Deana Chiappone d/b/a Onstage Dance, LLC, Deanna Chiappone Kahle (Motion Sequence #009) is DENIED; and it is further

ORDERED that Plaintiffs' motion for summary judgment regarding the individual liability of Defendant Matthew Mullet (Motion Sequence #010) is GRANTED; and it is further

ORDERED that Defendant Onstage Dance, Inc.'s motion for summary judgment (Motion Sequence #008) is DENIED; and it is further

ORDERED that a bench trial will take place to determine whether Defendant Onstage Dance, Inc. is a successor in liability for the torts, if any, of Defendant Deanna Chiappone d/b/a Onstage Dance, LLC, and Deanna Chiappone.

Dated: September 20, 2024

Niagara, New York

_____
HON. FRANK A. SEDITA, III, J.S.C.

FILED: NIAGARA COUNTY CLERK 09/18/2024 08:11 AM
Case 23-33848-KRH   Doc 34-1   Filed 12/09/24   Entered 12/09/24 12:50:36   Desc
Exhibit(s) Summary Judgment Order   Page 4 of 39

# EXHIBIT A

Case 24-33048-KRH   Doc 34-1   Filed 12/09/24   Entered 12/09/24 12:54:36   Desc
Exhibit(s) Summary Judgment Order   Page 5 of 39

```
 1    STATE OF NEW YORK
      SUPREME COURT - PART II  :  COUNTY OF NIAGARA
 2    _____

 3    JANE DOE 1, JANE DOE 2,
      and CAMELLIA BELLIS,
 4              Plaintiffs,

 5       -against-                      Index No. E173039/2020
      ONSTAGE DANCE, INC., ONSTAGE, LLC,    Motions
 6    DEANA CHIAPPONE d/b/a/ ONSTAGE,
      DEANA CHIAPPONE KAHLE and MATTHEW MULLETT,
 7              Defendants.
      _____
 8                                    775 Third Street
                                      Niagara Falls, New York
 9                                    August 5, 2024

10    B e f o r e:

11              HONORABLE FRANK A. SEDITA, III
                    Supreme Court Justice
12
      A p p e a r a n c e s:
13
                    MERSON LAW, PLLC,
14                  By:  KIMBERLY KRAMER, ESQ.,
                    950 3rd Avenue, Floor 18,
15                  New York, New York 10022,
                    Appearing Virtually for the Plaintiffs.
16
                    MUSCATO & VONA,
17                  By:  GEORGE V.C. MUSCATO, ESQ.,
                    107 East Avenue,
18                  Lockport, New York 14094,
                    Appearing for OnStage Dance, Inc.
19
                    RUSSO & GOULD LLP,
20                  By:  FLORINA ALTSHILER, ESQ.,
                    484 Delaware Avenue, Third Floor,
21                  Buffalo, New York 14202,
                    Appearing Virtually for Matthew Mullett.
22
                    DEANA CHIAPPONE,
23                  Defendant, Appearing Pro Se.

24                            AMY E. COGHLAN
                              Senior Court Reporter
25
```

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM
INDEX NO. E173039/2020

Case 24-33848-KRH Doc 34-1 Filed 12/09/24 Entered 12/09/24 12:50:36 Desc
Exhibit(s) Summary Judgment Order Page 6 of 39

NYSCEF DOC. NO. 216
RECEIVED NYSCEF: 09/18/2024

2

DOE v. ONSTAGE DANCE, ET AL.

1    THE COURT:  The next matter on the Court's

2    calendar is Doe, Doe and Bellis v. OnStage Dance, Inc.,

3    OnStage, LLC, Deana Chiappone, d/b/a OnStage, Deana

4    Chiappone Kahle and Matthew Mullett, Index Number

5    E173039/2020.  Counsel, note your appearances for the

6    record, please.

7    MS. KRAMER:  Good afternoon, your Honor.  This

8    is Kimberly Kramer, K-R-A-M-E-R, for all the Plaintiffs in

9    this matter from Merson Law, PLLC.

10    MR. MUSCATO:  Good afternoon, your Honor.

11    George Muscato and I represent OnStage Dance, Inc.

12    MS. ALTSHILER:  Good afternoon, your Honor.

13    Florina Altshiler from Russo % Gould, G-O-U-L-D, LLP, for

14    Matthew Mullett.

15    THE COURT:  And I see is that Ms. Chiappone?

16    MS. CHIAPPONE:  Chiappone, yes, your Honor.

17    THE COURT:  All right.  First of all, we're

18    having a blended proceeding today.  Mr. Muscato and Ms.

19    Chiappone are here in person.  Ms. Altshiler and Ms.

20    Kramer are here virtually or remotely.  That's fine.

21    As a preliminary matter, I'll remind you that

22    you cannot record these proceedings by either audio or

23    visual means.  If you do so, you'll be in contempt of

24    court, so don't do that.  Please note that everything is

25    being stenographically recorded by a professional court

DOE v. ONSTAGE DANCE, ET AL.

3

1    reporter.

2            My process is to do a factual summary -- and I'm

3    going to do a detailed factual summary in this case --

4    then go over various contentions.  There's three motions

5    before the Court.  I'll do it as succinctly as I possibly

6    can.  The purpose of that process is to frame the issues.

7    Then I'll invite oral argument.  I've read your papers.

8    You don't need to repeat what's in your papers, but if you

9    have something that you wish to add, I'll hear it.  And

10   then if I can make a decision today, I will make a

11   decision today.  I have a sense of where I want to go but

12   I never make that decision until I hear from everyone.

13           So, before the Court are the parties' various

14   motions.

15           By way of background, this case is brought under

16   the Child Victims Act.  In 1998, Defendant Deana

17   Chiappone, eventually doing business as OnStage Dance,

18   owned and operated a dance studio at 58 Main Street in

19   Lockport, New York.  Plaintiffs were dance students at the

20   dance studio.  Enrollment in dance lessons began generally

21   in September and culminated in a May recital held at a

22   local theater.

23           Deana Chiappone hired Defendant or at least made

24   arrangements with the Defendant to serve as a DJ for the

25   May recital.  The Plaintiffs allegedly met Defendant

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM
INDEX NO. E173039/2020
NYSCEF DOC. NO. 216
RECEIVED NYSCEF: 09/18/2024

DOE v. ONSTAGE DANCE, ET AL.

1    Mullett at their recital when the Plaintiffs were minors.

2         In 2008, Shara Ellinger purchased Deana

3    Chiappone's dance studio for approximately $30,000.  The

4    contract of sale included a provision wherein Chiappone

5    confirmed that, and I quote, "there are no undisclosed or

6    contingent liabilities or title defects of OnStage or

7    pertaining to its assets.  If any such undisclosed or

8    contingent liabilities or title defects subsequently arise

9    applicable in whole or in part to a period prior to the

10   closing date, Shara shall give Deana written notice of

11   them.  Deana shall then within 30 days following receipt

12   of the notice discharge the liabilities or undertake to

13   defend and hold OnStage free and harmless from them and

14   shall so notify Shara."  That quotation comes from the

15   stock purchase agreement, section four, page three,

16   paragraph D, as in Daniel, NYSCEF document number 167.

17        Upon the purchase of OnStage Dance, Inc. Shara

18   Ellinger learned that several basic business functions

19   were basically nonexistent.  Accordingly, Ellinger

20   implemented a payroll system, acquired

21   disability/liability and Workers' Compensation insurance,

22   instituted a new curriculum with new dance classes, hired

23   all new staff, established a new schedule and issued a

24   client contract and handbook.  In short, Ellinger

25   installed an entirely new operations manager.

5

DOE v. ONSTAGE DANCE, ET AL.

1    Additionally, Ellinger implemented advertising

2    through social media outlets and even changed the sign on

3    the studio door from Onstage Dance Studio -- that was Ms.

4    Chiappone's business name and sign -- to OnStage Dance,

5    Inc.  This all comes from the Ellinger deposition, NYSCEF

6    document number 172.

7    On September 9th of 2020 -- I'm sorry.

8    Plaintiffs filed the pending Summons and Complaint on

9    September 9th of 2020 and an Amended Summons and Complaint

10    on November 13th of 2020.

11    Plaintiffs allege that Defendant Mullett

12    sexually assault them when they were still minors and

13    could not consent by virtue of their young age.

14    Plaintiffs further allege that the sexual assaults or

15    encounters occurred sometime between 1997 and 1998 and

16    took place at various locations, including Defendant

17    Mullett's house, one of the Plaintiff's residences, a

18    hotel, and the theater where the recital was held.

19    Plaintiffs claim various emotional injuries as a result of

20    these encounters, such as difficulty making decisions,

21    eating disorders and anorexia.

22    On October 19th of 2020 and December 4th of

23    2020, Defendant Matthew Mullett joined issue by the filing

24    of his Answers.

25    On February 2nd of 2021, Defendant Deana

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM INDEX NO. E173039/2020
NYSCEF DOC. NO. 216 RECEIVED NYSCEF: 09/18/2024

DOE v. ONSTAGE DANCE, ET AL.

1    Chiappone, doing business as OnStage, Deana Chiappone

2    Kahle joined issue by the filing of a pro se Answer.

3              On March 18th of 2021, Defendant OnStage Dance,

4    Inc. joined issue by the filing of their Answer with

5    affirmative defenses and cross-claims.

6              A Request For Judicial Intervention was filed on

7    September 9th of 2020, nearly four years ago, in

8    conjunction with temporary relief sought by the Plaintiffs

9    and this matter was assigned to Justice Chimes as the

10   designated justice to manage discovery in Child Victim Act

11   cases.  Justice Chimes conducted no less than 19

12   conferences over the next three and a half years

13   ultimately resulting in Plaintiffs filing a Note of Issue

14   on February 13th of 2024.

15             Notably, during the course of discovery with

16   Justice Chimes, Plaintiffs never moved for -- Plaintiffs

17   moved for an order to strike Defendant Deana Chiappone's

18   Answer because of her failure to appear at a deposition to

19   answer questions in an examination before trial, also

20   known as an EBT.  That acronym will become relevant in a

21   moment.

22             On October 13th of 2023, Justice Chimes issued

23   what's commonly known as a conditional order, an order

24   that conditionally granted Plaintiffs' motion upon Ms.

25   Chiappone's failure to appear for deposition on or before

                                                          7

                    DOE v. ONSTAGE DANCE, ET AL.

 1      November 30th of 2023.  The conditional order can be found

 2      as NYSCEF document number 145.

 3              Justice Chimes' case notes reflect that on

 4      November 13th of 2023 -- one month after the issuance of

 5      her conditional order but still before the deposition

 6      depletion deadline -- it was reported to Justice Chimes

 7      that Chiappone has agreed to appear.  Justice Chimes'

 8      notes also indicate that on December 11th, 2023, it was

 9      reported that, and I quote, "no EBT of Chiappone" had

10      occurred.  Justice Chimes notes further indicate however

11      that on December 19th of 2023, it was reported to her by

12      the lawyers that the Chiappone deposition was rescheduled

13      for January 3rd of 2024 and Deana Chiappone was in fact

14      deposed on January 3rd of 2024.

15              On February 13th of 2024, the Plaintiff filed a

16      Note of Issue and Certificate of readiness certifying that

17      all discovery was complete and this matter was ready for

18      trial.

19              The case was then transferred to this court, to

20      me, as a trial part and a Trial Scheduling Conference was

21      conducted on March the 19th of 2024.

22              A Trial Scheduling Order issued on April 1st of

23      2024.

24              I ordered jury selection for October 8th of

25      2024.  I also ordered that any motions for summary

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM INDEX NO. E173039/2020
NYSCEF DOC. NO. 216 RECEIVED NYSCEF: 09/18/2024

DOE v. ONSTAGE DANCE, ET AL.

1    judgment were to be filed by June 15th of 2024, that any

2    opposition papers were to be filed by July 15th of 2024,

3    and oral argument was scheduled for July 24th of 2024.

4         That didn't go well, July 24th of 2024.  We had

5    all kinds of technical issues, starting with issues on the

6    Court's end.  There was some issues on Ms. Altshiler's end

7    that were eventually resolved but Ms. Chiappone wasn't

8    here and I think I said on the record I'm declaring the

9    24th a mulligan.  We rescheduled it for today.

10        I should note that at no time -- getting back to

11   when we first conferenced the case, at no time during the

12   March 19th conference with counsel or at any other

13   appearance before me was it ever -- or my law clerk, Ms.

14   St. Mary, was it ever mentioned by any party that

15   Defendant Deana Chiappone's Answer was considered stricken

16   by operation of Justice Chimes' October 13th, 2023 order.

17   Which brings us to the motions that are presently before

18   the Court.  There's three of them.

19        Motion number eight, June 6th of 2024, Defendant

20   OnStage Inc. filed a motion for summary judgment seeking

21   dismissal of all complaints against them or it, claiming

22   there is no successor liability against them.

23        Defendant Onstage Dance contends -- I'm sorry,

24   OnStage Dance, Inc. contends that it is not liable for the

25   torts of its predecessor and in support of their motion

9

DOE v. ONSTAGE DANCE, ET AL.

1    Defendant OnStage, Inc. submits a Memorandum of Law, Mr.

2    Muscato's attorney affidavit with eleven exhibits,

3    including relevant pleadings, the stock purchase agreement

4    and deposition transcripts.

5           In opposition, Plaintiffs submit an attorney

6    affidavit wherein they contend that the de facto merger

7    doctrine applies and there are issues of fact for the

8    Court to decide.

9           Motion number nine was filed on July 11th of

10   2024.  That motion is a motion for default judgment filed

11   by the Plaintiff against Deana Chiappone doing business as

12   OnStage claiming that Deana Chiappone's Answer was

13   stricken as a result of Justice Chimes' October 13th, 2023

14   order and therefore default must be entered against Deana

15   Chiappone d/b/a OnStage.

16          On July 24th, 2024 Ms. Chiappone submitted a pro

17   se affidavit -- that can be found at NYSCEF document

18   number 203 -- in opposition to summary judgment.  Pretty

19   well written for a non-lawyer.  She emphasizes that she

20   was in fact deposed.  This affidavit appears to be in

21   response to the Court's July 24th, 2024 correspondence

22   advising Ms. Chiappone that her personal appearance is

23   required in court today.  And she's here.  Anyway, that

24   letter can be found at NYSCEF document number 202.

25          Ms. Chiappone also avers relevantly that Matthew

10

DOE v. ONSTAGE DANCE, ET AL.

1    Mullett volunteered to act as a DJ and was never in her

2    employ.

3         Motion number ten was filed on June 13th 2024.

4    That's a summary judgment motion filed by the Plaintiff

5    against Matthew Mullett consistent with the deadlines

6    provided in the Trial Scheduling Order.

7         On July 18th, 2024, at 12:07 p.m., beyond the

8    deadline for responding papers, the Court received an ex

9    parte e-mail from one Jessica Benham, who identified

10   herself as someone from Miss Altshiler's office or law

11   firm, stating the following, and I quote:

12        "Our office represents OnStage Dance, Inc. in

13   regards to the above-referenced case.  Our office is

14   requesting an adjournment on motion number nine for 30

15   days so we can get an opposition."

16        Within about fifteen minutes of that

17   correspondence, my Confidential Law Clerk, Kristin St.

18   Mary, responded in writing via e-mail to all counsel

19   advising them that the Court does not conduct ex parte

20   communications.  We don't talk to one lawyer.  We talk to

21   all the lawyers or all the litigants.  Ms. St. Mary also

22   reminded counsel that on April 1st, 2024, a Trial

23   Scheduling Order was issued wherein it was ordered that

24   all motions were to be filed by June 15th and all

25   opposition papers were to be filed by July 15th of this

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM
NYSCEF DOC. NO. 216

INDEX NO. E173039/2020

RECEIVED NYSCEF: 09/25/2024

1   year.  Ms. St. Mary further advised counsel that seeking

2   an extension or an adjournment three days after the

3   expiration of the deadline without any good cause basis

4   stated would not support such an extension.  Additionally,

5   no other party was put on notice of this request and such

6   a request would impede upon expert disclosure deadlines as

7   jury selection is scheduled for October the 8th.

8           Neither Ms. Benham nor Ms. Altshiler or anyone

9   else from Ms. Altshiler's firm responded to the Court's

10  e-mail, Ms. St. Mary's e-mail.

11          I think that covers it as succinctly as I can.

12  So, in order of who filed the first shot, that's you Mr.

13  Muscato.

14          MR. MUSCATO:  Yes, your Honor.

15          THE COURT:  Okay.  So if you have oral argument,

16  I'll hear it.

17          MR. MUSCATO:  Well, I think you obviously

18  outlined the issues very well.

19          THE COURT:  Thank you.

20          MR. MUSCATO:  In my -- for fear of repeating

21  myself from my motion and the Memorandum of Law, I mean

22  the courts have certainly recognized some exceptions with

23  respect to the purchase of assets in a case of this

24  nature.

25          It's interesting when I read the response of the

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM INDEX NO. E173039/2020

NYSCEF DOC. NO. 216

Case 24-33848-KRH   Doc 34-2   Filed 12/09/24   Entered 12/09/24 12:50:36   Desc
Exhibit(s) - Summary Judgment Order   Page 16 of 39

RECEIVED NYSCEF: 09/18/2024

DOE v. ONSTAGE DANCE, ET AL.

1   Plaintiffs' attorney that the Plaintiffs focused on this

2   so called de facto merger.  You know, quite candidly, your

3   Honor, maybe one should have focused on the continuation

4   of the business, which would have been one of the

5   exceptions for successive liability, but you very well

6   pointed out that there was really an entirely new

7   operation in effect when Shara Ellinger purchased this

8   business.  But this was not a de facto merger at all.

9   Shara Ellinger did not come to the table with any kind

10  of --

11          THE COURT:  Hold on.  Did somebody say

12  something?

13          MS. ALTSHILER:  Can you guys hear me?  Mr.

14  Muscato was making his argument.

15          THE COURT:  Miss Altshiler, you're breaking up.

16  I suggested last time we were here that you might want to

17  appear today personally but you're here virtually.

18  There's more technical difficulties.  Can you hear Mr.

19  Muscato?  There's no response.  I don't know what to do.

20  I've suggested that counsel appear in person.  Ms.

21  Altshiler decided not to and we have problems.  Now she

22  has logged off of Teams apparently; is that correct?

23          THE CLERK:  Yes, Judge.

24          THE COURT:  Let's give Ms. Altshiler an

25  opportunity to log back on to Teams.  Okay.  Ms. Altshiler

13

DOE v. ONSTAGE DANCE, ET AL.

1    is back.  Great.  Go ahead, Mr. Muscato.

2          MR. MUSCATO:  Your Honor, I was simply stating

3    the facts of this particular case and there really aren't

4    any facts in dispute.  There may be the application of the

5    facts, which would be a matter of the Court's discretion

6    in reviewing the law, but there's really no facts in

7    dispute.  I cited in my brief that R & D Electronics,

8    Inc., which fairly clearly sets out the different criteria

9    that a court might consider in determining whether there

10   was any kind of a merger.  And as you pointed out in

11   addressing us initially, there just simply isn't any of

12   that here other than the fact that when Shara Ellinger

13   purchased the business and stock of the -- of Deana

14   Chiappone's, she used the same address.  She remained at

15   the same location.  But the operation was --

16          THE COURT:  The building.

17          MR. MUSCATO:  Yes, it's a building, your Honor,

18   but there's no continuation of ownership.  Deana Chiappone

19   did not work for Shara.  The client -- as my client

20   testified to, the client list is always different every

21   year.  There's a different board of directors.  She

22   implemented all kinds of procedures that did not exist.

23   It was a dance studio, no question, but there was a

24   significant difference between the dance studio that

25   existed before as testified to and undisputed and the one

14

DOE v. ONSTAGE DANCE, ET AL.

1    that Shara Ellinger ended up creating when she bought

2    basically the right to operate in this location.

3         So, as a practical matter, if you just accept

4    the facts for what they are, they do not satisfy what the

5    courts have addressed in the R & D Electronics v. NYP

6    Management or really any of the other cases. So I think

7    that there is no assumption of liability on the part of my

8    client. One of the arguments for this merger of course is

9    good will, but there really isn't any showing here of any

10   significant good will.

11        So, when you apply the facts to the established

12   law, it would appear that a motion of summary judgment

13   would be in order.

14        THE COURT:  Okay.  I know the other two motions

15   really don't concern you very much, motion number nine and

16   motion number ten.  Is there anything you have to say

17   regarding them?

18        MR. MUSCATO:  I do.  I don't know which exactly

19   one.

20        THE COURT:  Motion number nine is the motion by

21   the Plaintiff for a default judgment against Ms.

22   Chiappone.  That's based upon her refusal to be deposed

23   even though she was deposed.  And motion number ten is the

24   Plaintiffs' motion for summary judgment against Matthew

25   Mullett.

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM INDEX NO. E173039/2020
NYSCEF DOC. NO. 216 RECEIVED NYSCEF: 09/18/2024

Case 24-33848-KRH Doc 34-1 Filed 12/09/24 Entered 12/09/24 12:50:36 Desc
Exhibit(s) Summary Judgment Order Page 19 of 39

15

DOE v. ONSTAGE DANCE, ET AL.

1      MR. MUSCATO:  Judge, I don't have any comments

2  with respect to ten, Matthew Mullett.  I do feel that -- I

3  think I put this in my affidavit, I provided all of the

4  disclosure information to Ms. Chiappone's attorney.  There

5  was nothing new given to them at a subsequent date.  There

6  certainly is no prejudice here.  She was late but she

7  submitted herself to a deposition.  They would not have

8  learned anything differently had it been done in November

9  versus January.  So I think the Court has a great deal of

10  discretion here and she should be allowed to have --

11      THE COURT:  Seems like Justice Chimes is okay

12  with it.

13      MR. MUSCATO:  Seems like.

14      THE COURT:  Yeah, okay.

15      MR. MUSCATO:  But, you know, quite candidly,

16  your Honor, with a default judgment, if this was to go to

17  trial, I really question whether there would be a verdict

18  against Miss Chiappone, so they obtain by a default what

19  they probably may not get after a trial.  So without the

20  showing of some degree of prejudice here on the part of

21  the Plaintiffs, I think that motion should be denied.

22      THE COURT:  Thank you, Counsel.  All right.

23  Next is the Plaintiff.  Ms. Kramer, we have a couple

24  motions from you.  One is your default judgment motion

25  against Deana Chiappone and you also made -- that's motion

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM INDEX NO. E173039/2020

NYSCEF DOC. NO. 216 RECEIVED NYSCEF: 09/18/2024

DOE v. ONSTAGE DANCE, ET AL.

1  number nine motion. Number ten is your summary judgment

2  motion against Matthew Mullett. And if you want to say

3  anything relative to motion number eight, the motion for

4  summary judgment relative to successor liability filed by

5  Mr. Muscato, you can do that too. All up to you. Go

6  ahead.

7      MS. KRAMER: Yes, your Honor. I'll take each in

8  turn. And thank you for your summary and procedural

9  history of this case.

10      So, as to the motion for default judgment, I was

11  not aware that, you know, Judge Chimes striking of the

12  answer was an issue. We did have a conference after the

13  conditional orders were issued and after Ms. Chiappone

14  failed to appear for deposition in which Ms. Chimes --

15  Judge Chimes, my apologies.

16      THE COURT: How come absent from your motion

17  papers was the fact, at least -- maybe I'm making a

18  mistake -- was the fact that Ms. Chiappone was indeed in

19  fact deposed? Why didn't you mention that?

20      MS. KRAMER: Because, your Honor, I just didn't

21  think it was relevant to the motion because there's

22  honestly three pages of Defendant Chiappone's failure to

23  comply with the Court orders and all of those were

24  considered in the motion to strike the Answer that we

25  submitted.

17

DOE v. ONSTAGE DANCE, ET AL.

1      THE COURT:  Okay.  Go ahead.

2      MS. KRAMER:  I'm sorry, your Honor.  So, yes,

3  Judge Chimes did state that the Answer was stricken at

4  that conference.  I can absolutely get the transcript and

5  provide it to the Court if that is in question.

6      But as far as the prejudice, I mean, you noted

7  the date on this case, your Honor.  It is a 2020 case.

8  And this case has been delayed for two years because of

9  Defendant Chiappone's repeated failure to follow court

10  orders, to respond to Plaintiffs' good faith efforts.  I

11  have it all listed out on document number 201 of the

12  record.  And it's -- it's been two years of prejudice to

13  our clients that that's really --

14      THE COURT:  What's your prejudice?  She was

15  deposed, wasn't she, in January?

16      MS. KRAMER:  She was deposed in January but we

17  did try to depose her multiple times last year and there

18  was also a discovery that was not provided that we had to

19  do another motion.

20      THE COURT:  Ms. Kramer, look, I'm looking at

21  Justice Chimes' notes.  It seems there was an agreement to

22  reschedule her deposition to December 19th of 2023 and

23  then to January 3rd of 2024.  Seems from her notes that

24  that was all discussed with the judge and she was okay

25  with it.  And Ms. Chiappone was indeed deposed on January

DOE v. ONSTAGE DANCE, ET AL.

1   3rd of 2024.  You didn't mention that to me, which I think

2   is really salient, and also you're claiming that the

3   failure of her to be deposed -- which she was -- has

4   resulted in a prejudice to you.  What's your prejudice?

5            MS. KRAMER:  Your Honor, two years of failure to

6   comply with discovery demands in delaying this case for

7   two years.

8            THE COURT:  What don't you know from Ms.

9   Chiappone?  How are you prejudiced?  You're just repeating

10  to me that she didn't -- she wouldn't sit for a deposition

11  for two years.  You're not telling me how you're

12  prejudiced.  Tell me how you're prejudiced.

13           MS. KRAMER:  No, your Honor, it's not that she

14  didn't sit for a deposition for two years.  We have had to

15  file two motions regarding discovery.  We have had to

16  attends multiple court conferences and we have had to

17  submit to the Court and have the Court sign multiple

18  orders in which the Chiappone Defendants just completely

19  did not respond, did not comply with.  And, I mean, I

20  could go through the list, your Honor, but I know it's

21  already in the papers, so I do not want to take up the

22  Court's time.

23           THE COURT:  Okay.  Fair enough.  Go ahead.  Why

24  don't you move on to the other motions.

25           MS. KRAMER:  Thank you, your Honor.  As to the

19

DOE v. ONSTAGE DANCE, ET AL.

1    final motion, Plaintiffs have nothing further to say on

2    that.  As you know, it's an unopposed motion for summary

3    judgment.  Clearly there are no issues of fact as to

4    whether or not Mr. Mullett is liable under the Child

5    Victims Act.  So but as to motion number eight, which I

6    believe is the motion regarding Mr. Muscato's client --

7              THE COURT:  Yes, successor liability.

8              MS. KRAMER:  Yes.  Thank you.  I wanted to make

9    sure I got the motion number correct.

10             THE COURT:  Right.

11             MS. KRAMER:  I mean, it's our position that

12   while there are some factors that, you know, do not

13   support a de facto merger doctrine, it's our position that

14   there are factors that do support it.  That there is

15   factor number two, the dissolution of the business,

16   because once it was signed over from Ms. Chiappone to Ms.

17   Ellinger, OnStage Dance, Inc. ceased to exist under Ms.

18   Chiappone's direction.  And then also as a factor four,

19   the fact it's the same exact assets, same exact place,

20   same exact name, same exact location, they used the same

21   attorney on the contract.  We just believe there are

22   another fact for a de facto merger doctrine to apply here.

23             THE COURT:  Okay.  Ms. Altshiler?

24             MS. ALTSHILER:  On behalf of Matthew Mullett we

25   take the motion by Onstage Dance and incorporate it.

20

DOE v. ONSTAGE DANCE, ET AL.

1    THE COURT:  We're having difficulty hearing you.
2    The court reporter -- we can't understand what you're
3    saying.  Why don't you start again.

4    MS. ALTSHILER:  Matthew Mullett.  Can you hear
5    me?

6    THE COURT:  Yes, I can hear you, but we can only
7    hear every other word that you're saying.  Try again.

8    MS. ALTSHILER:  On behalf of Matthew Mullett we
9    take no position --

10    THE COURT:  Mrs. Altshiler, look, I'm trying my
11    best.  Ms. Altshiler, I suggested last time that you
12    appear in person because of these technical issues.  We're
13    having the exact same technical issues once more.  By the
14    way, you're the only lawyer I have them with.

15    MS. ALTSHILER:  In the courthouse in Erie County
16    right now.  I am on the Court's Wi-Fi physically in the
17    Erie County Courthouse.  I don't know what else you want
18    me to do.

19    THE COURT:  Now I can hear that part.  So your
20    position is you take no position, Ms. Altshiler?

21    MS. ALTSHILER:  No position as to OnStage.

22    THE COURT:  As to OnStage.  Again Ms. Altshiler
23    is breaking up.

24    MS. ALTSHILER:  No position as to Deana.

25    THE COURT:  No position as to Deana Chiappone.

DOE v. ONSTAGE DANCE, ET AL.

21

1    That's what I'm getting.  It's hard.

2              MS. ALTSHILER:  Correct, yes.  Correct.

3              THE COURT:  Okay.  Ms. Chiappone, do you want to

4    be heard, ma'am?

5              MS. CHIAPPONE:  Actually, your Honor --

6              THE COURT:  Hold on.  Ms. Chiappone is speaking.

7    I'll circle back to you, Ms. Altshiler.

8              MS. CHIAPPONE:  I just want to say I did receive

9    correspondence from the Court and a voicemail but I did

10   not received correspondence from Merson Law.  I'd like

11   that noted.

12             THE COURT:  You never got their papers?

13             MS. CHIAPPONE:  No, your Honor.

14             THE COURT:  How come you didn't serve -- Ms.

15   Kramer, how come you didn't serve Ms. Chiappone with your

16   papers?

17             MS. KRAMER:  We did.  We served via Fed Ex and

18   via certified mail copy.  I can upload the proof to the

19   Court.

20             THE COURT:  What address did you mail it to?

21             MS. KRAMER:  We mailed it to the most recent

22   address that I believe was provided on the record when --

23             THE COURT:  I didn't ask you about the recency

24   of the address.  I asked you for the address.  What

25   address did you mail it to?

DOE v. ONSTAGE DANCE, ET AL.

1        MS. KRAMER:  I'm pulling it up right now.  8973

2   Townline Road, Middleport, New York 14105.

3        THE COURT:  Is that your address?

4        MS. CHIAPPONE:  Yes, your Honor.

5        THE COURT:  I don't know.  That's her address so

6   okay.  Ms. Altshiler, anything else you wanted to say?

7        MS. ALTSHILER:  Yes.

8        THE COURT:  Go ahead.

9        MS. ALTSHILER:  With regards to the motion for

10  --

11       THE COURT:  All I got so far from you with

12  regard to the motion regarding sum.  That's the entire

13  quote that I have.

14       MS. ALTSHILER:  With regard to the motion for

15  summary judgment as against Matthew Mullett, there was law

16  office failure to timely put in opposition.  My associate,

17  Trishe L.A. Hynes, was working on that and had contacted

18  -- and -- to request an adjournment from all parties as

19  well as the Court.  Had indicated to Ms. Hynes as well as

20  to obtain that adjournment -- when clearly she had made no

21  contact with anybody.  Ms. Hynes then reconfirmed with --

22  Ms. -- Ms. Hynes, my associate, confirmed with Miss

23  Benham, our former paralegal who is no longer employed by

24  the firm, that she - was in touch with the parties and the

25  Court to secure that adjournment.  Clearly that contact

DOE v. ONSTAGE DANCE, ET AL.

1   was by Mr. Benham -- indicated that to Ms. Hynes -- and

2   the motion date had passed Ms. Hynes to Ms. Benham that

3   she did -- from the court -- to reconfirm in writing that

4   Ms. Benham had obtained that adjournment.  My suspicion is

5   at that point Ms. Benham then reached out to -- what would

6   be the first time despite -- communicated to us that she

7   had -- and miscommunicated to the court what our firm

8   represents and the nature of the contempt.  At that point,

9   as your Honor accurately recited, the Court conveyed to

10   all parties that the request was --

11          THE COURT:  Take down what you can.

12          MS. ALTSHILER:  I was -- I -- and had expected

13   that my -- afforded an opportunity to properly put in --

14   could be made for judgment on the merits rather than on a

15   procedural -- request is that we be allowed to put in

16   opposition and I would allow for -- I would agree to a

17   decide on the admission on those papers if the Court -- if

18   that request is denied then certainly I am not going to

19   argue the merits but would put in an objection to -- not

20   having that opportunity to do so.

21          THE COURT:  Okay.  All right.

22          MS. ALTSHILER:  That is all.

23          THE COURT:  Starting with motion number eight

24   where Defendant OnStage Inc. seeks summary judgment in its

25   favor, it is well settled that summary judgment permits a

24

DOE v. ONSTAGE DANCE, ET AL.

1    party to show, by affidavit or other evidence, that there

2    is no material issue of fact to be tried and that judgment

3    may be decided as a matter of law.  Brill v. City of New

4    York, 2 NY3d 648.

5         The proponent of a summary judgment motion must

6    make a prima facie showing of entitlement to judgment as a

7    matter of law, tendering sufficient evidence to

8    demonstrate the absence of any genuine, material issues of

9    fact.  Failure to make such a showing requires denial of

10   the motion regardless of the sufficiency of the motion

11   papers.  Winegrad v. New York University Medical Center,

12   64 NY2d 851.

13        However, once a prima facie showing has been

14   made, the burden shifts to the party opposing the motion

15   for summary judgment to produce evidentiary proof in

16   admissible form sufficient to establish the existence of

17   material issues of fact which require a trial of the

18   action.  Alvarez v. Prospect Hospital, 68 NY2d 320.

19        In contrast to evidentiary proof, mere

20   conclusions, expressions of hope or unsubstantiated

21   allegations or assertions are insufficient to defeat a

22   prima facie case for summary judgment.  That's from the

23   Justinian Capital case, 28 NY3d 160; also, see Kipp v.

24   Marinus Homes, 162 AD3 1673, Fourth Department case from

25   2018.

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM
INDEX NO. E173039/2020

NYSCEF DOC. NO. 216
RECEIVED NYSCEF: 09/18/2024

1   As a general rule, a corporation which acquires

2   the assets of another is not liable for the torts of its

3   predecessor.  There are, however, exceptions to this

4   general rule.  The corporation may be held liable for the

5   torts of its predecessor if:  One, it expressly or

6   impliedly assumed the predecessor's tort liability; two,

7   there was a consolidation or merger of seller and

8   purchaser; three, the purchasing corporation was a mere

9   continuation of the selling corporation; or, four, the

10  transaction is entered into fraudulently to escape such

11  obligations.  Dutton v. Young Mens Christian Association

12  of Buffalo Niagara, 207 AD3d 1038, Fourth Department case

13  2022.  That's a pretty important case because I'm gonna

14  cite to it a couple more times.

15      Regarding the second exception, the de facto

16  merger doctrine is based on the concept that a successor

17  that effectively takes over a corporation in its entirety

18  should carry the predecessor's liabilities as a

19  concomitant to the benefits it derives from the good will

20  purchased which is consistent with the desire to ensure

21  that a source remains to pay for the victim's injuries.

22  Same case.

23      Traditionally, courts have considered several

24  factors in determining whether a de facto merger has

25  occurred such as:  One, the continuity of ownership; two,

26

DOE v. ONSTAGE DANCE, ET AL.

1    the cessation of ordinary business and dissolution of the

2    predecessor's as soon as practically and legally possible;

3    three, assumption by the successor of the liabilities

4    ordinarily necessary for the un-interrupted continuation

5    of the business of the predecessor; and, four, a

6    continuity of management, personnel, physical location,

7    assets and general business operation.  Not all of these

8    factors are needed to demonstrate a merger.  Rather, these

9    factors are only indicators that tend to show that de

10   facto merger.  Indeed, public policy considerations

11   dictate that at least in the context of tort liability,

12   courts have flexibility in determining whether a

13   transaction constitutes a de facto merger.  Once again,

14   Dutton v. YMCA of Buffalo Niagara, 207 AD3d 1038.

15        The determination of successor liability is thus

16   a non-jury issue, a legal issue to be determined or

17   decided by the courts, as further evidenced by the fact

18   that there are no jury trials for successor liability

19   issues contained in the Pattern Jury Instructions.  See

20   Matter of Colonial v. Lakeview Advisors, 125 AD3d 1292,

21   Fourth Department case from 2015, wherein the Fourth

22   Department held that "under the C.P.L.R., a jury trial is

23   available in an action in which a party demands and sets

24   forth facts which would permit a judgment for a sum of

25   money only."

FILED: NIAGARA COUNTY CLERK 09/18/2024 08:11 AM
Case 24-33848-KRH   Doc 30-1   Filed 12/09/24   Entered 12/09/24 12:52:36   Desc
Exhibit(s) Summary Judgment Order   Page 31 of 39
NYSCEF DOC. NO. 216                                RECEIVED NYSCEF: 09/18/2024

27

DOE v. ONSTAGE DANCE, ET AL.

1    In my view, Defendant OnStage Dance, Inc. has

2    established a prima facie entitlement to judgment as a

3    matter of law on the issue of successor liability in that

4    they have demonstrated that a corporation which acquires

5    the assets of another is not liable for the torts of its

6    predecessor.  Additionally, with respect to the four

7    potential exceptions to that rule of law, Mr. Muscato, you

8    have established:  One, that your client did not expressly

9    or impliedly assume its predecessor's tort liability as

10   established by section four, paragraph D of the stock

11   purchase agreement.  Two, there was not a consolidation or

12   merger seller and purchaser -- I'm sorry.  Let's start

13   that over.  There was not a consolidation or merger of the

14   seller and purchaser as the purchaser did not have a

15   previous dance studio business that she was growing by

16   adding OnStage to that imagined portfolio.  Three, the

17   purchasing corporation was not in their continuation of

18   the selling corporation as there was no continuity of

19   ownership, management, personnel or any business

20   operations.  And, four, there is no evidence that the sale

21   was fraudulent.

22   So what's in opposition?  Well in opposition,

23   the Plaintiffs argue that there are issues of fact

24   regarding the applicability of the de facto merger

25   doctrine.  In this regard, Plaintiff contends that the

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM    INDEX NO. E173039/2020
NYSCEF DOC. NO. 216                                RECEIVED NYSCEF: 09/18/2024

DOE v. ONSTAGE DANCE, ET AL.

1    company name remained the same, the location remained the

2    same and the general business operation remained the same.

3    In support of this contention, Plaintiffs cite a First

4    Department case from 1996 and claim that case provides

5    that "where a successor purchases all or almost all of the

6    predecessor corporation's assets or the successor assumes

7    a name nearly identical to the that of the predecessor's

8    corporation, this may be sufficient to imply liability on

9    the successor."  That's from your affidavit, Miss Kramer,

10   page seven.  That can be found at NYSCEF document number

11   199.

12           The case cited is Burgos v. Pulse Combustion,

13   227 AD2d 295, First Department case.  What it actually

14   says is that issues of fact exist about a continuation of

15   business operations or a consolidation and merger when

16   there is evidence to show that the purchaser purchased all

17   of the fixed assets, that the predecessor corporation

18   ceased to exist after the sale, that the purchaser assumed

19   a name nearly identical to the predecessor, that at least

20   one officer from the predecessor corporation was retained,

21   and that the same products were manufactured at the plants

22   transferred under the purchase agreement.

23           Viewing Plaintiffs' arguments in the light most

24   favorable to them, as I must do, and being cognizant of

25   the Appellate Division's deference to a verdict after

29

DOE v. ONSTAGE DANCE, ET AL.

1    trial rather than a summary judgment determination, the

2    Court finds that it is prudent to proceed to a non-jury

3    trial to determine the issue of whether the de facto

4    merger doctrine applies or whether Shara Ellinger's

5    purchase of OnStage Dance, Inc. was a mere continuation of

6    Deana Chiappone's Onstage Dance studio. Accordingly, a

7    bench trial on the issue of successor liability will

8    proceed prior to jury selection, which is set for October

9    8th. We'll circle back to that in a moment.

10           Turning to motion number nine, as previously

11   noted, Plaintiffs move for default judgment as against

12   Deana Chiappone d/b/a OnStage premised solely upon Justice

13   Chimes' October 13th, 2023 conditional order wherein she

14   conditionally granted the striking of the Answer upon

15   Deanna Chiappone's failure to appear for deposition by

16   November 30th of 2023.

17           Clearly, obviously, the condition justifying the

18   striking of the Answer was Ms. Chiappone's refusal to sit

19   or inability to sit for a deposition. It is well settled,

20   the case law is legion that the extreme remedy of striking

21   a pleading is appropriate where there is a clear showing

22   that the failure to comply with discovery demands was

23   willful, contumacious or in bad faith. Such an extreme

24   remedy requires a showing that the Defendant was guilty of

25   a deliberately evasive, misleading and uncooperative

30

DOE v. ONSTAGE DANCE, ET AL.

1    course of conduct.

2            As I said, the case law is legion.  Some of it

3    from the Fourth Department, I have even published a case

4    on it.  If you want a review of all the cases, see 2

5    Modern New York Discovery section 30:50, Second Edition.

6            Noticeably absent from Plaintiffs' papers was

7    the ongoing discussion with Justice Chimes with counsel

8    regarding Deana Chiappone's depositions.  These

9    discussions occurred during court conferences throughout

10   November and December of 2023, which resulted in the

11   taking of Deana Chiappone's deposition on January 3rd of

12   2024.

13           The Court finds that there is no good faith

14   basis for motion number nine.  It is completely devoid of

15   merit.  It is denied.

16           Regarding motion number ten, as previously

17   noted, Plaintiffs filed a timely motion for summary

18   judgment against Matthew Mullett consistent with the

19   deadlines provided in the Trial Scheduling Order.

20           On July 18th of 2024 at 12:07 p.m., the Court

21   received an e-mail from Jessica Benham from Ms.

22   Altshiler's firm stating the following:  "Our office

23   represents OnStage Dance, Inc. in regards to the above

24   referenced case."  In fact, Ms. Altshiler's office does

25   not represent OnStage Dance, Inc., nor has it ever

31

DOE v. ONSTAGE DANCE, ET AL.

1    represented OnStage Dance, Inc.  Instead they represent

2    Matthew Mullett.  The same e-mail goes on to say:  "Our

3    office is requesting an adjournment on motion number nine

4    for thirty days so we can get together an opposition."

5    However, motion number nine does not relate to their

6    client.  Motion number ten relates to Mr. Mullett.

7              Defendant Mullett failed to file a timely

8    response under the deadlines set forth in the Court's

9    Trial Scheduling Order.  And still to this day no

10   responding papers have been filed.  Nor was there a

11   response to Ms. St. Mary's e-mail.  Nor has Mullett set

12   forth a good cause for failure to comply with the Court's

13   deadlines.  If Ms. Altshiler did today, I may have missed

14   it, because things were breaking up all over the place,

15   but this is not an unanticipated problem.  I suggested at

16   the last appearance it would be a good idea to appear

17   personally to avoid the very problems we were having

18   today.

19             Plaintiffs' summary judgment motion against

20   Defendant Mullett is granted.

21             Regarding the importance of summary judgment

22   motion deadlines, see Garner v. Rosa Copland 1898 -- I'm

23   sorry, 189 AD3d 2105, Fourth Department case from 2020,

24   upholding a decision of mine regarding pretty much the

25   same issue.

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM INDEX NO. E173039/2020
Case 24-33848-KRH Doc 34-2 Filed 12/09/24 Entered 12/09/24 12:50:36 Desc
NYSCEF DOC. NO. 216 Exhibit(s) Summary Judgment Order Page 36 of 39 RECEIVED NYSCEF: 09/18/2024

DOE v. ONSTAGE DANCE, ET AL.

32

1    So, to recap, jury selection currently scheduled

2    for October 8th, 2024.  The Court finds that Defendant

3    Mullett is individually liable as a matter of law.  The

4    measure of damages relative to Defendant Mullett shall be

5    determined by a trial.  Given what I have already set

6    forth, what I know to be the practicalities of what I have

7    outlined before, the Court is finding there's an issue of

8    fact regarding whether Defendant OnStage Dance, Inc. is a

9    successor in liability relative to Deana Chiappone d/b/a

10   Onstage Dance.  A bench trial to resolve this issue needs

11   to be scheduled.  Available dates for a bench trial

12   regarding successor liability -- bench trial here in front

13   of me.  It's got to be before October 8th.  Here is the

14   dates, you tell me which date is best:  September 9th;

15   September 16th; September 17th; September 23rd; September

16   25th; September 30th.  Ms. Kramer, choose one.  We'll see

17   if Mr. Muscato is available that day.  I cannot hear you,

18   Ms. Kramer.

19        MS. KRAMER:  I'm sorry, your Honor.  Did you say

20   September 17th?

21        THE COURT:  September 9th, September 16,

22   September 17, September 23rd, September 25, September 30.

23        MS. KRAMER:  Your Honor, we do have a final

24   pretrial conference on September 17th so maybe that day

25   makes sense because everybody has to be there in person

33

DOE v. ONSTAGE DANCE, ET AL.

1    anyway.

2              THE COURT:  Okay.

3              MS. KRAMER:  That's just a suggestion but --

4              THE COURT:  I suppose we can do it if everybody

5    is going to be here -- well, probably should do it before

6    the 17th then if we're having a final pretrial conference

7    on the 17th.  What about the 9th or the 16th?

8              MS. KRAMER:  I'm available the 16th.

9              THE COURT:  How does the 16th work for you, Mr.

10   Muscato.

11             MR. MUSCATO:  It works, your Honor.

12             THE COURT:  September 16th, in person here,

13   9:30.  Anybody who wants to sit at a lawyer's table has

14   got to be here in person.  Ms. Chiappone, that includes

15   you.  And, Ms. Altshiler, that includes you.  And of

16   course that includes Mr. Muscato and Ms. Kramer.

17   September 16th at 9:30.

18             Okay.  Next, following the September 16th bench

19   trial jury selection will commence on October 8th of 2024

20   on the issue of liability only with respect to Deana

21   Chiappone d/b/a OnStage and Onstage Dance Inc. should the

22   latter be determined to be the successor liability.  So

23   figure out the legal issue of successor liability first

24   and then go from there, see who's going to be seated at

25   the Defendants' table at the actual trial in early

Case 24-33848-KRH Doc 34-2 Filed 12/09/24 Entered 12/09/24 12:50:36 Desc
Exhibit(s) Summary Judgment Order Page 38 of 39

34

DOE v. ONSTAGE DANCE, ET AL.

1   October.  Immediately following the liability verdict --

2   if there is such a favorable liability verdict to the

3   Plaintiffs -- jury selection will commence October 15th of

4   2024 for a damages trial against Defendant Mullett and any

5   remaining OnStage Defendants.

6           We're next returnable September 16th at 9:30 and

7   the day after is a final pretrial conference.  Everything

8   should be in person.  Keep the 17th clear to -- just in

9   case I have to do something on the 16th.  All right, Ms.

10  Kramer and Ms. Muscato?  Keep the 17th open too.  You have

11  to be here for final pretrial conference anyway.

12          So, there's a lot that happened today.  Ms.

13  Kramer, I am directing you to submit the proposed order

14  since you prevailed on two of the three motions that were

15  before the Court.

16          MS. KRAMER:  Absolutely.  Thank you, your Honor.

17          THE COURT:  Do it within 30 days.  Please attach

18  a transcript of the entirety of today's proceedings.

19  Don't leave until you get Ms. Coghlan's contact

20  information.  And the reason that I do that is should a

21  party wish to appeal me to the Fourth Department, that's

22  fine.  I just want the Fourth Department to know what I

23  was thinking, what my rationale was, what my reasoning

24  was, and so forth.  Okay.  We'll see everybody on the --

25          MS. ALTSHILER:  I just want to note for the

FILED: NIAGARA COUNTY CLERK 09/25/2024 10:45 AM

INDEX NO. E173039/2020

NYSCEF DOC. NO. 216

RECEIVED NYSCEF: 09/18/2024

DOE v. ONSTAGE DANCE, ET AL.

1    record my exception to the ruling as to Matthew's

2    inability to put in opposition.

3            THE COURT:  Well, Ms. Altshiler, you have a

4    record.  I mean, you've never attempted to put in an

5    opposition to this day, so you have my ruling.  Okay?

6            Thank you, Counsel.

7                    *   *   *   *   *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25